IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND P. BIELATA,<br>    Plaintiff<br>  vs.<br><br>CRIME VICTIM CENTER OF<br>ERIE COUNTY, INC., and<br>SUSANNE POROWSKI,<br>    Defendants | Civil Action No. 05 - _183_ _ Erie<br><br><br>Jury Trial of 12 Demanded |

## COMPLAINT

Raymond P. Bielata, Plaintiff, by and through his counsel, McClure & Miller LLP, states the following as his complaint against the defendants, Crime Victim Center of Erie County, Inc. and Susanne Porowski:

### Parties

1. Raymond P. Bielata, Plaintiff, is an adult individual residing at 1420 East 36th Street, Erie, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

2. Crime Victim Center of Erie County, Inc., Defendant, is believed and therefore averred to be a 501(c)(3) non-profit corporation organized under the laws of the Commonwealth of Pennsylvania, with its headquarters and principal place of business at 125 West 18th Street, Erie, Pennsylvania.

3. Susanne Porowski, the Executive Director of Crime Victim Center of Erie, Inc., Defendant, is an adult individual who resides in Erie County, Pennsylvania and who is a citizen of the Commonwealth of Pennsylvania.

## Jurisdiction and Venue

4. The United States District Court for the Western District of Pennsylvania has subject matter jurisdiction over this case by virtue of 28 U.S.C. §1331 [concerning civil actions arising under the Constitution, laws or treaties of the United States], by virtue of 28 U.S.C. §1343 (a)(4) [concerning civil actions commenced to recover damages or equitable or other relief under any Act of Congress providing for the protection of civil rights], and by virtue of 28 U.S.C. §1367 [concerning supplemental jurisdiction over civil actions stating claims under state law].

5. This Complaint sets forth claims for violation of the Age Discrimination in Employment Act ("ADEA"), Americans with Disabilities Act ("ADA"), Family Medical Leave Act ("FMLA"), Pennsylvania Human Relations Act ("PHRA"), and Erie County Human Relations Ordinance ("ECHRO"), stated in combination and/or alternatively, and Plaintiff has sufficiently exhausted all administrative remedies available to him with regard to his claims, thus conferring jurisdiction on this Court, by virtue of the following:

    (a) filing a complaint with the Pennsylvania Human Relations Commission on or about September 23, 2003, at PHRC No. 200301361, completion of all requested PHRC forms and questionnaires, participation in a PHRC fact-finding conference on or about November 25, 2003, and receipt of a right-to-sue letter from PHRC's Peggy J. Raynock, Director of Compliance, dated November 17, 2004;

    (b) completing all requested forms for EEOC at case number 17FA364644; and

    (c) filing a complaint on December 12, 2003 with the Erie County Human Relations Commission.

9. Plaintiff brings this action for benefits and relief under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. §§ 621-634, and under the provisions of the Fair Labor Standards Act of 1938, as amended (hereinafter sometimes referred to as the FLSA), 29 U.S.C. §§211(b), 216, 217, and under the specific provisions of the ADEA, viz. §626(c), for all such legal and/or equitable relief as may be appropriate against the defendant, who is an "Employer" as that term is used in 29 U.S.C. §623, with respect to age discrimination which has been and continues to be practiced by the defendants against the plaintiff, including but not limited to damages for loss of earnings and other benefits, liquidated damages, reinstatement and/or front pay, costs of suit and attorney fees.

10. Jurisdiction is based on Section 7(b) of the Age Discrimination in Employment Act (29 U.S.C. §626(b)), and Section 17 of the Fair Labor Standards Act (29 U.S.C. §217). 28 U.S.C. §1337.

11. Plaintiff was born on June 4, 1941, and is a member of the class of persons protected by the ADEA, in that at all times relevant to this cause of action, specifically including the date of the termination of his employment on June 16, 2003, he was over forty (40) years of age.

12. Plaintiff was sixty-two years of age as of June 16, 2003, the date his employment was involuntarily terminated..

6. The Erie Division of the United States District Court for the Western District of Pennsylvania is the proper venue for this civil action by virtue of 28 U.S.C. §1391(b) in that (1) jurisdiction is not founded solely on diversity of citizenship and Defendant resides in this judicial district and all defendants reside in the same state, Pennsylvania, (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and (3) Defendant may be found in this judicial district, and pursuant to W.D.Pa.L.R. 3.1 in that Plaintiff's causes of action arose in Erie County, Pennsylvania and Plaintiff or Defendant or both reside in Erie County, Pennsylvania.

### Count 1 - Raymond P. Bielata v. Crime Victim Center of Erie County, Inc. and Susanne Porowski; Violation of Age Discrimination in Employment Act

7. Plaintiff incorporates the foregoing and all other allegations in this complaint into this count by reference.

8. Plaintiff worked for Defendant continuously as Administrative Officer II - Accountant (a position later re-named Director of Operations) from June of 1999 through October 18, 2003 as a temporary employee through VOLT, and thereafter as a true, direct, permanent full-time employee from October 19, 1999, his date of hire, until June 17, 2003, when Defendant terminated his employment against his will. (At the time of his hire, Defendant was known as Erie County Rape Crisis Center, Inc.; it was re-named Crime Victim Center of Erie County, Inc. in or about 2002).

13. Plaintiff was qualified for his position, and performed his work competently.

14. Defendant imposed negative and adverse employment action upon Plaintiff, namely the termination of his employment, which was motivated in whole or at least in part by a discriminatory animus relating to his age (62 as of the date of firing).

15. Defendant was replaced by a person younger than he, a person under the age of 40.

16. Defendant's proffered reason for terminating Plaintiff's employment, poor work performance, was and is false and pretextual, in that Plaintiff's work performance was acceptable and competent, and Defendants alleged poor work performance by Plaintiff at no time during his employment, including on his last day when he asked for the reason he was being fired; Plaintiff first learned of this pretext in connection with his successful application for unemployment compensation benefits, as the OES representative did not credit Defendants' allegation of poor work performance).

17. Defendants and/or its agents, made remarks to Plaintiff that indicate a discriminatory animus related to Plaintiff's age.

18. Todd Allen, supervisor of the crime victim unit and of co-equal rank with Plaintiff, observed Plaintiff walking in the office with the use of his cane, and stated, on June 5, 2003, "You look and walk like Frazier's father on TV; all you need is a little dog," a reference to the fictional characters Martin Crane, a disabled senior citizen on the long-running television sitcom "Frazier," and his pet dog Eddie.

19. Susanne Porowski, Executive Director of Defendant corporation, said in the fall of 2002, that "older people just have no stamina."

20. In November of 2002, at a meeting at the Center among substantially all supervisors, Porowski, and Dave Shull, a health benefits broker, Shull said that many companies are laying off their older employees to save on health care costs, and Porowski looked at Plaintiff, and stated that Plaintiff was the oldest employee there and there are others in their early fifties.

21. Porowski, at least four times per month in 2003, would walk through Plaintiff's office and say, "both of us are getting too old for these jobs; let the younger ones do it."

22. Porowski, in early 2003, said to Plaintiff after asking him an accounting system question, "you are looking old but you wear it well."

23. Porowski, on more than one occasion, said to Plaintiff, "the way you live and eat, you are going to outlive all of us," which is the kind of comment that is logically made not to someone junior or even contemporary to the speaker, but to someone older than the speaker.

24. Porowski, in early 2003, was looking at a financial statement with Plaintiff, and was looking at the wrong line, and when Plaintiff directed her to the correct line, she became irritated at the perceived correction, and stated to Plaintiff, "why don't you take those old man's trifocals off and maybe you can see the line better." (Plaintiff checked where he

was pointing and, satisfied that he was correct, said, "no, this is the correct line," and Porowski, on further examination, admitted she was wrong).

25. On June 17, 2003, Porowski said to Plaintiff, "I don't know what happened to you, you just went downhill."

26. Defendants fired Plaintiff because of his age, and/or age was a substantial factor in the decision to terminate his employment.

27. Firing Plaintiff because of his age violated the ADEA, specifically 29 U.S.C. §623.

28. Defendants actions were taken willfully and maliciously, and were outrageous, with knowledge that they were illegal under the ADEA, supporting the award of liquidated and/or punitive damages.

29. Plaintiff has suffered emotional distress as a result of the termination of his employment by Defendants.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against the defendants, jointly and severally, and requests all relief authorized by law for violation of the ADEA, including but not limited to back pay and other benefits, front pay and other benefits, interest, all costs of suit, attorney fees, liquidated and/or punitive damages, damages for emotional distress, and compensatory damages.

**Count 2 - Raymond P. Bielata v. Crime Victim Center of Erie County, Inc. and Susanne Porowski; Violation of Americans with Disabilities Act**

30. Plaintiff incorporates the foregoing and all other allegations in this complaint into this count by reference.

31. On or about Thursday, May 29, 2003, Plaintiff notified Defendants (in care of Angela Porfilio, Director of Development) that he had a disability, specifically an impaired right knee, which he discovered upon waking on the morning of (on or about) Wednesday, May 28, 2003.

32. This condition caused him to be unable to work from May 30th through June 4th, 2003, for which period he took medical leave, and which permitted him to work with reasonable accommodation after June 4th, 2003.

33. Plaintiff's knee condition required him to use a cane and take medication, and was and is expected to persist indefinitely.

34. Plaintiff's knee condition substantially limits major life activities such as standing, walking, driving, running, lifting, and stooping, among others, and did so at the time he was employed and discharged by Defendants.

35. Notwithstanding his knee condition, Plaintiff was able to adequately perform his job duties with the reasonable accommodations of using a cane, taking medication, and avoiding overtime.

36. It is believed and therefore averred that Defendants terminated Plaintiff's employment because of his disability, as well as/or his age, and/or that Plaintiff's employment was terminated in unlawful retaliation for his reasonable requests for accommodation under the ADA.

37. Plaintiff was replaced by a non-disabled person.

38. Firing Plaintiff because of his disability and/or in retaliation for his requests for accommodation violated the ADA, specifically 42 U.S.C. §12112(a).

39. Defendants actions were taken willfully and maliciously, and were outrageous, with knowledge that they were illegal under the ADA, supporting the award of liquidated and/or punitive damages.

40. Plaintiff has suffered emotional distress as a result of the termination of his employment by Defendants.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against the defendants, jointly and severally, and requests all relief authorized by law for violation of the ADA, including but not limited to back pay and other benefits, front pay and other benefits, interest, all costs of suit, attorney fees, liquidated and/or punitive damages, damages for emotional distress, and compensatory damages.

### Count 3 - Raymond P. Bielata v. Crime Victim Center of Erie County, Inc. and Susanne Porowski; Violation of Pennsylvania Human Relations Act

41. Plaintiff incorporates the foregoing and all other allegations in this complaint into this count by reference.

42. Plaintiff believes and therefore avers that Defendants terminated his employment because of his age and/or disability (and/or perceived disability), and/or his requests for accommodation for his disability, in violation of the Pennsylvania Human Relations Act's prohibition of adverse job actions as a result of being over 40 years of age and being disabled (or perceived to be disabled) where the employee can work with a reasonable accommodation, and for taking adverse job actions in retaliation for requests for accommodation.

43. Defendants actions were taken willfully and maliciously, and were outrageous, with knowledge that they were illegal under the PHRA, supporting the award of liquidated and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against the defendants, and requests all relief authorized by law for violation of the PHRA, including but not limited to back pay and benefits, front pay and benefits, damages for emotional distress, humiliation and embarrassment, punitive damages, attorney fees and costs, and interest.

### Count 4 - Raymond P. Bielata v. Crime Victim Center of Erie County, Inc. and Susanne Porowski; Violation of Erie County Human Relations Ordinance

44. Plaintiff incorporates the foregoing and all other allegations in this complaint into this count by reference.

45. Plaintiff believes and therefore avers that Defendants terminated his employment because of his age and/or disability (perceived and/or real), and/or in retaliation for his requests for reasonable accommodation of his disability, in violation of the Erie County Human Relations Ordinance.

46. Defendants actions were taken willfully and maliciously, and were outrageous, with knowledge that they were illegal under the ECHRO, supporting the award of liquidated and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against the defendants, and requests all relief authorized by law for violation of the PHRA, including but not limited to back pay and benefits, front pay and benefits, damages for emotional distress, humiliation and embarrassment, punitive damages, attorney fees and costs, and interest.

**Count 5 - Raymond P. Bielata v. Crime Victim Center of Erie County, Inc. and Susanne Porowski; Violation of Family Medical and Leave Act**

47. Plaintiff incorporates the foregoing and all other allegations in this complaint into this count by reference.

48. Plaintiff is an "eligible employee" under the FMLA in that he worked for 12 months prior to needing leave because of his knee problem, and had at least 1,250 hours of service with Crime Victim Center of Erie County, Inc., an "employer" under the FMLA given the number of employees of Erie County and all other Erie County non-profit corporations.

49. Crime Victim Center of Erie, Inc., at all times relevant to this cause of action, regarded itself as being bound by the FMLA.

50. Plaintiff went to Doctor Leone on Thursday, May 29th, who had x-rays performed on that date on Plaintiff's swollen and painful right knee.

51. Dr. Leone, on or about that Thursday, May 29, 2003, upon review of the x-rays, diagnosed a tear in the soft tissue in the right knee, prescribed Vicodin, Naproxin and Darvacet and complete rest, with no weight bearing on the leg and no work.

52. As a result of this diagnosis, these medications and their effect on him, and his doctor's orders, Plaintiff called Crime Victim Center employee Angela Porfilio on or about Friday, May 30th, and told her he had to be out of work for the forseeable future; she said she would get the FMLA documents to Plaintiff for him to forward to Dr. Leone.

53. Plaintiff's wife delivered the provided FMLA documentation to Dr. Leone.

54. Plaintiff stayed out of work from approximately Friday, May 30, 2003 through Wednesday, June 4th, 2005.

55. Plaintiff, after a conversation with Susanne Porowski, in which she complained to him about the problems his absence was causing her, called Dr. Leone and asked what the earliest possible date was that he could return to work.

56. Dr. Leone told him June 5th, if the swelling in his knee had subsided enough, so Plaintiff called Susanne Porowski on Tuesday, June 3rd to tell her the earliest he could be back was Thursday, June 5th.

57. In response to this, Susanne Porowski yelled "what am I going to do?, I have these financial statements here, get in here now!," and slammed the telephone down, ending the call.

58. This outburst and Porowski's earlier complaints about his absence made Plaintiff fear for his job if he did not return to work immediately, whether or not it was in the best interest of his health.

59. Plaintiff saw Dr. Leone on Wednesday, and Doctor Leone reluctantly agreed to allow Plaintiff to return to work on Thursday, June 5, 2003, in the interest of protecting his job, though medically it would be better to continue to rest and heal, as early weight bearing

of the kind required by Plaintiff's job could further tear the tissue and require arthroscopic surgery, which could require a much longer period of disability.

60. Defendants violated Plaintiff's right to leave for his serious health condition under 29 U.S.C. §2612 by placing him in fear of losing his job if he extended his leave beyond June 3, 2005, and by terminating his employment as a result of having exercised his FMLA rights, and in so doing violated 29 U.S.C. §2615(a)(1), which makes it unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise [of] any right provided under the FMLA.

61. It is believed and therefore averred that Defendants terminated Plaintiff's employment because of his exercise of his rights under the FMLA, or that that exercise was a substantial factor in the decision to terminate his employment, in violation of 29 U.S.C. §2615(a)(2).

62. Defendants actions were taken willfully and maliciously, and were outrageous, with knowledge that they were illegal under the FMLA, supporting the award of liquidated and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against the defendants, and requests all relief authorized by law for violation of the FMLA, including but not limited to back pay and benefits, front pay and benefits, damages for emotional distress, humiliation and embarrassment, punitive damages, attorney fees and costs, and interest.

### Count 6 - Raymond P. Bielata v. Crime Victim Center of Erie County, Inc. and Susanne Porowski; Promissory and Equitable Estoppel

63. Defendants warranted, represented and promised to Plaintiff that, as an employee of Crime Victim Center of Erie County, Inc., he was entitled to benefits as provided by the FMLA.

64. Plaintiff relied on that warranty, representation and/or promise to his detriment, in that he pursued and exercised, and/or attempted to pursue and exercise, the rights provided by the FMLA, and his employment was terminated as a result, which effectively denied him those rights, including the right to leave and the right to be free from retaliation for exercising the right to leave.

65. To the extent his rights under the FMLA would otherwise be unavailable for any reason, Defendants should be equitably estopped from avoiding liability for denial of rights under that Act, and Plaintiff should be entitled to those rights, and damages for violation of same, under the doctrine of promissory estoppel.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against the defendants, and requests all relief authorized by law for violation of the FMLA, including but not limited to back pay and benefits, front pay and benefits, damages for emotional distress, humiliation and embarrassment, punitive damages, attorney fees and costs, and interest.

Respectfully submitted,

McCLURE & MILLER LLP

By: _____
Jeffrey J. Cole
Pa. Supreme Ct. No. 73052
717 State Street, Suite 701
Erie, PA 16501
(814) 453-3681
*Counsel for Plaintiff, Raymond P. Bielata*

Dated: June 13, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND P. BIELATA,               ) | |
|                   Plaintiff        ) | |
|            vs.                     ) | Civil Action No. 05 - _ _ _ _ _ _ Erie |
|                                    ) | |
| CRIME VICTIM CENTER OF             ) | |
| ERIE COUNTY, INC., and             ) | |
| SUSANNE POROWSKI,                  ) | |
|                   Defendants       ) | |

**Verification**

I, Raymond P. Bielata, verify that the statements made in the foregoing complaint are true and correct, to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

_/s/ Raymond P. Bielata_
Raymond P. Bielata

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND P. BIELATA, | ) | |
|         Plaintiff | ) | |
| vs. | ) | Civil Action No. 05 - _ _ _ _ _ _ Erie |
| | ) | |
| CRIME VICTIM CENTER OF | ) | |
| ERIE COUNTY, INC., and | ) | |
| SUSANNE POROWSKI, | ) | |
|         Defendants | ) | |

### Certificate of Service

I certify that I served a copy of the foregoing complaint on the defendants, Crime Victim Center of Erie County, Inc. and Susanne Porowski, with a summons and waiver of service of summons, and on EEOC, PHRC and ECHRC.

_____
Jeffrey J. Cole

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CA 05-183 Erie

## I. (a) PLAINTIFFS
Raymond P. Bielata

**DEFENDANTS**
Crime Victim Center of Erie County, Inc., and Susanne Porowski

(b) County of Residence of First Listed Plaintiff   **Erie**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   **Erie**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey J. Cole  (814) 453-3681
McClure & Miller LLP
717 State Street, Suite 701, Erie, PA 16501

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | [X] 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Promissory/Equitable Estoppel
Family Medical Leave Act (29 U.S.C. § 2601), Age Discrim. in Employment Act (29 USC § 621), ADA (42 USCA § 12101); Pa HRA (43 PS § 960), FMLA, Erie County Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > $50,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE 6-13-2005
SIGNATURE OF ATTORNEY OF RECORD   Jeffrey J. Cole

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**JS 44A**                   **REVISED OCTOBER, 1993**

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**
This case belongs on the (√ Erie ____ Johnstown ____ Pittsburgh) calendar.

1. **ERIE CALENDAR** - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venango or Warren, OR any plaintiff or defendant resides in one of said counties.
2. **JOHNSTOWN CALENDAR** - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset, OR any plaintiff or defendant resides in one of said counties.
3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in __Erie__ County and that the __Plaintiff,__ resides in __Erie__ County.
4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

**PART B** (You are to check ONE of the following)
1. ____ This case is related to Number _____, Judge _____.
2. √ This case is not related to a pending or terminated case.

**DEFINITIONS OF RELATED CASES:**
**CIVIL:** Civil cases are deemed related when a case filed relates to property included in another suit, or involves the same issues of fact or it grows out of the same transactions as another suit, or involves the validity or infringement of a patent involved in another suit.
**EMINENT DOMAIN:** Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
**HABEAS CORPUS & CIVIL RIGHTS:** All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
1. CIVIL CATEGORY (Place x in only applicable category).
    1. (  ) Antitrust and Securities Act Cases
    2. (X) Labor-Management Relations
    3. (  ) Habeas Corpus
    4. (X) Civil Rights
    5. (  ) Patent, Copyright, and Trademark
    6. (  ) Eminent Domain
    7. (  ) All other federal question cases
    8. (  ) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest.
    9. (  ) Insurance indemnity, contract, and other diversity cases.
    10. (  ) Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct.

Date: 6-13-2005                  _____
                                                    ATTORNEY AT LAW

**NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.**

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.