IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND P. BIELATA, | ) | |
|     Plaintiff | ) | |
| | ) | Civil Action No. 05-183 ERIE |
|     v. | ) | |
| | ) | |
| CRIME VICTIM CENTER OF ERIE COUNTY, | ) | |
| INC. and SUSANNE POROWSKI | ) | |
|     Defendants | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR PARTIALLY DISMISS
COUNTS I, II, IV, V AND VI OF COMPLAINT**

Defendants CRIME VICTIM CENTER OF ERIE COUNTY, INC. and SUSANNE POROWSKI, by and through their attorneys, MacDonald Illig Jones & Britton LLP, file the following Brief in Support of Motion to Dismiss and/or Partially Dismiss Counts I, II, IV, V and VI of Complaint:

**I.    Questions Presented**

    A.    WHETHER PLAINTIFF BIELATA'S CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, SET FORTH IN COUNT I OF THE COMPLAINT, SHOULD BE PARTIALLY DISMISSED WHERE THE ACT DOES NOT RECOGNIZE CLAIMS FOR PUNITIVE OR EMOTIONAL DISTRESS DAMAGES?

    B.    WHETHER PLAINTIFF BIELATA'S CLAIMS UNDER THE ERIE COUNTY HUMAN RELATIONS ORDINANCE, SET FORTH IN COUNT IV OF THE COMPLAINT, SHOULD BE DISMISSED WHERE THE ORDINANCE DOES NOT GIVE RISE TO A PRIVATE, INDEPENDENT CAUSE OF ACTION?

C.  WHETHER PLAINTIFF BIELATA'S CLAIMS UNDER THE FAMILY MEDICAL LEAVE ACT, SET FORTH IN COUNT V OF THE COMPLAINT, SHOULD BE DISMISSED WHERE THE ACT IS INAPPLICABLE TO THE DEFENDANTS?

D.  WHETHER PLAINTIFF BIELATA'S CLAIM FOR PROMISSORY ESTOPPEL, SET FORTH IN COUNT VI OF THE COMPLAINT, SHOULD BE DISMISSED WHERE BIELATA HAS FAILED TO STATE A PROMISSORY ESTOPPEL CLAIM UPON WHICH RELIEF MAY BE GRANTED?

E.  WHETHER PLAINTIFF BIELATA'S CLAIMS AGAINST SUSANNE POROWSKI UNDER THE ADEA, ADA AND ECHRO, SET FORTH IN COUNTS I, II AND IV OF THE COMPLAINT, MUST BE DISMISSED WHERE THE ADEA, ADA, AND ECHRO DO NOT RECOGNIZE PRIVATE ACTIONS AGAINST INDIVIDUALS?

II.  **Statement of Facts**

A.  Nature of Bielata's Claims

This civil action involves the following claims by plaintiff Raymond P. Bielata (hereinafter "Bielata") against defendants Crime Victim Center of Erie County, Inc. (hereinafter "Crime Victim Center") and Susanne Porowski (hereinafter "Porowski") arising out of plaintiff Bielata's employment with the Crime Victim Center and the termination of that employment on June 17, 2003 as a result of poor work performance:

(1)  Count I, in which Bielata alleges age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 *et seq.* (hereinafter "ADEA");

(2)     Count II, in which Bielata alleges disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C.A. § 12101, *et seq.* (hereinafter "ADA");

(3)     Count III, in which Bielata alleges age and disability discrimination and retaliation in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (hereinafter "PHRA");

(4)     Count IV, in which Bielata alleges age and disability discrimination and retaliation in violation of the Erie County Human Relations Ordinance (hereinafter "ECHRO");

(5)     Count V, in which Bielata alleges wrongful discharge and retaliation in violation of the Family Medical Leave Act, 29 U.S.C.A. § 2601, *et seq.* (hereinafter "FMLA"); and,

(6)     Count VI, in which Bielata alleges a cause of action for promissory estoppel with regard to his FMLA claim.

(Complaint, ¶¶ 7-65).


B.     Procedural History


On September 23, 2003, plaintiff Bielata filed a complaint with the Pennsylvania Human Relations Commission (hereinafter "PHRC") against the Crime Victim Center.  (Complaint, ¶ 5(a)).  The complaint was cross-filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").  (Complaint, ¶ 5(b)).  On December 12, 2003, plaintiff Bielata filed a complaint with the Erie County Human Relations Commission (hereinafter "ECHRC") against

the Crime Victim Center, Susanne Porowski and the County of Erie.  (Complaint, ¶ 5(c)).  A PHRC fact-finding conference took place before a PHRC investigator on or about November 25, 2003.  (Complaint, ¶ 5(a)).  The PHRC did not issue a determination with respect to Bielata's charges of discrimination within one year.  It is alleged that Bielata received a right-to-sue letter from the PHRC on November 17, 2004.  (Complaint, ¶ 5(a)).

On June 13, 2005, plaintiff Bielata commenced this civil action against defendants Crime Victim Center and Porowski.  (Docket Entries).  Defendants have filed the Motion to Dismiss and/or Partially Dismiss Counts I, II, IV, V and VI of Complaint currently before this Honorable Court and submit this Brief in support.


III.   **Standard of Review**


In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Laborers Combined Funds of Western Pennsylvania v. Ruscitto, 848 F. Supp. 598, 599 (W.D. Pa. 1994).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted where the allegations set forth in the complaint fail to state a claim upon which relief may granted.  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).

Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), when a party attacks jurisdiction, the court may examine facts outside of the pleadings.  Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).  In such circumstances, a trial court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Robinson, 107 F.3d

at 1021; see also <u>Popovice v. Milides</u>, 11 F. Supp.2d 638 (E.D. Pa. 1998).  Thus, under a Rule 12(b)(1) motion to dismiss, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  <u>Robinson</u>, 107 F.3d at 1021.  The plaintiff bears the burden of persuasion in establishing subject matter jurisdiction under a Rule 12(b)(1) motion.  <u>Snyder v. Garb</u>, 988 F. Supp. 868, 869 (E.D. Pa.), *aff'd*, 159 F.3d 1353 (3d Cir. 1998), *certiorari denied*, 525 U.S. 965, 119 S. Ct. 411 (1998).


IV.    **<u>Argument</u>**


     A.    PLAINTIFF BIELATA'S CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, SET FORTH IN COUNT I OF THE COMPLAINT, MUST BE PARTIALLY DISMISSED BECAUSE THE ACT DOES NOT RECOGNIZE CLAIMS FOR PUNITIVE OR EMOTIONAL DISTRESS DAMAGES.


The ADEA, codified at 29 U.S.C.A. §§ 621-634, prohibits covered employers from engaging in age discrimination in employment.  29 U.S.C.A. § 623.  Under the ADEA, an individual is entitled to recover the following damages:  (1) equitable relief, such as declaratory or injunctive relief, reinstatement or reinstatement plus promotion; and (2) actual damages, including back pay, front pay and other compensatory damages.  29 U.S.C.A. § 626(a).  In addition, the ADEA provides for an award of liquidated damages in an amount equal to lost wages if the employer's ADEA violation was "willful."  29 U.S.C.A. § 626(b).

The ADEA does not provide for an award of punitive damages.  <u>Tumolo v. Triangle Pacific Corp.</u>, 46 F. Supp.2d 410 (E.D. Pa. 1999).  Similarly, damages for pain and suffering and

emotional distress are not available under ADEA.  <u>Commissioner of Internal Revenue v.</u> <u>Schleier</u>, 515 U.S. 323, 326, 115 S. Ct. 2159, 2162 (1995); <u>Rogers v. Exxon Research and</u> <u>Engineering Co.</u>, 550 F.2d 834 (3d Cir. 1977), *certiorari denied*, 434 U.S. 1022, 98 S. Ct. 749 (1978).

In <u>Commissioner of Internal Revenue v. Schleier</u>, 515 U.S. 323, 326, 115 S. Ct. 2159, 2162 (1995), the United States Supreme Court examined the scope of coverage afforded by the ADEA and noted that the statute incorporates many of the enforcement and remedial mechanisms of the Fair Labor Standards Act (hereinafter "FLSA").  In so doing, the Court confirmed:

> Like the FLSA, the ADEA provides for "such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter." 29 U.S.C. § 626(b).  That relief may include, "without limitation judgments compelling employment, reinstatement or promotion." *Ibid*.  More importantly… the ADEA incorporates the FLSA provisions that permit the recovery "of wages lost and an additional equal amount as liquidated damages."

<u>Commissioner of Internal Revenue</u>, 515 U.S. at 325, 115 S. Ct. at 2162.

The Court further stated that despite the "broad" remedies afforded by both statutes, the ADEA contained two specific limitations:  (1) liquidated damages shall be payable *only* in cases of willful violations; and, (2) the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.  <u>Commissioner of Internal Revenue</u>, 515 U.S. at 326, 115 S. Ct. at 2162, *citing* <u>Vazquez v. Eastern Air Lines, Inc.</u>, 579 F.2d 107 (1st Cir. 1978); <u>Johnson v. Al Tech Specialties Steel Corp.</u>, 731 F.2d 143 (2d Cir. 1984); <u>Rogers v. Exxon</u> <u>Research & Engineering Co.</u>, 550 F.2d 834 (3d Cir. 1977); <u>Slatin v. Stanford Research Institute</u>, 590 F.2d 1292 (4th Cir. 1979); <u>Dean v. American Security Ins. Co.</u>, 559 F.2d 1036 (5th Cir. 1977), *certiorari denied*, 434 U.S. 1066, 98 S. Ct. 1243 (1978); <u>Hill v. Spiegel, Inc.</u>, 708 F.2d

233 (6th Cir. 1983); Pfeiffer v. Essex Wire Corp., 682 F.2d 684 (7th cir. 1982); Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806 (8th Cir. 1982); Schmitz v. Commissioner, 34 F.3d 790 (9th Cir. 1994); Perrell v. FinanceAmerica Corp., 726 F.2d 654 (10th Cir. 1984); Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435 (11th Cir. 1985).

Similarly, nearly every Circuit Court and District Court addressing the issue of punitive damages under ADEA has disallowed such damages. See Boise v. Boufford, 121 Fed. Appx. 890 (2d Cir. 2005) (punitive damages not recoverable under ADEA); Franzoni v. Harmarx Corp., 300 F.3d 767 (7th Cir. 2002) (punitive damages not recoverable under the ADEA); Dean v. American Sec. Ins. Co., 559 F.2d 1036 (5th Cir. 1977) (punitive damages not recoverable under ADEA); Tumolo v. Triangle Pacific Corp., 46 F. Supp.2d 410 (E.D. Pa. 1999) (employee alleging age discrimination not entitled to punitive damages, as distinct from liquidated damages, under ADEA); Cabin v. Plastofilm Indus. Inc., 22 A.D.D. 435 (N.D. Ill. 1996) (punitive damages not recoverable under ADEA); Maleszluski v. U.S., 827 F. Supp. 1553 (N.D. Fla. 1993) (punitive damages not recoverable under ADEA); People of State of N.Y. v. Holiday Inns, Inc., 656 F. Supp. 675 (W.D.N.Y. 1984) (dismissal of portion of ADEA complaint for punitive damages proper); Hannon v. Continental Nat. Bank, 427 F. Supp. 215 (D. Colo. 1977) (plaintiff in ADEA suit is not entitled to any form of punitive damage beyond claim for liquidated damages).

In the present case, plaintiff Bielata alleges he is entitled to the following damages under ADEA:

> 28.    Defendants actions were taken willfully and maliciously, and were outrageous, with knowledge that they were illegal under the ADEA, supporting the award of liquidated **and/or punitive damages**.
>
> 29.    **Plaintiff has suffered emotional distress as a result of the termination of his employment by Defendants**.

7

> WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against the defendants, jointly and severally, and requests all relief authorized by law for violation of the ADEA, including but not limited to back pay and other benefits, front pay and other benefits, interest, all costs of suit, attorney fees, liquidated **and/or punitive damages, damages for emotional distress**, and compensatory damages.

(Complaint, ¶¶ 28-29)(emphasis added).

As set forth above, ADEA has specific limitations as to the types of damages that an aggrieved plaintiff may recover. These damages do not include punitive damages or damages for emotional distress.

Accordingly, defendants Crime Victim Center and Porowski respectfully request that plaintiff Bielata's claims for punitive and emotional distress damages under ADEA, set forth in Count I of the Complaint, be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

B.    PLAINTIFF BIELATA'S CLAIMS UNDER THE ERIE COUNTY HUMAN RELATIONS ORDINANCE, SET FORTH IN COUNT IV OF THE COMPLAINT, MUST BE DISMISSED BECAUSE THE ORDINANCE DOES NOT GIVE RISE TO A PRIVATE, INDEPENDENT CAUSE OF ACTION.

The ECHRO provides a local administrative remedy for individuals seeking to address claims of discrimination in the workplace. *See* ECHRO, Article II. There is <u>no</u> provision within the ECHRO, however, which provides a complainant with a private, independent cause of action or judicial remedy. Specifically, Article VI of the ECHRO, which governs the procedure to be employed by the Erie County Human Relations Commission (hereinafter "ECHRC") upon

receipt of a complaint, sets forth a detailed process with respect to the investigating and disposing of complaints of discrimination. *See* ECHRO, Article VI. Under Article VI(B), disposition of a complaint must be made within one (1) year of its filing with the ECHRC. *See* ECHRO, Article VI(B). Further, subparagraph (L) grants the ECHRC the authority to grant specific remedies if the complainant's allegations are proven, including compensatory damages, attorneys' fees, costs and the assessment of a civil penalty. *See* ECHRO, Article VI(L). Despite these detailed and lengthy provisions, there is <u>no</u> provision granting the complainant the right to bring a civil action under the ECHRO if the complaint is dismissed or if the dispute cannot be resolved by the processes set forth in the Ordinance itself. In this regard, the ECHRO is distinguishable from the ADEA, ADA and PHRA, all of which specifically and expressly grant claimants the ability to assert violations of those statutes in a civil action.

In Count IV of the Complaint, plaintiff Bielata alleges that the defendants "terminated his employment because of his age and/or disability (perceived and/or real), and/or in retaliation for his requests for reasonable accommodation of his disability, in violation of the Erie County Human Relations Ordinance." (Complaint, ¶ 45). Bielata does not, and cannot, cite to any provision of the ECHRO which provides a plaintiff with a private, independent cause of action apart from the local remedies the Ordinance affords.

Accordingly, defendants Crime Victim Center and Porowski respectfully request that plaintiff Bielata's claims under the Erie County Human Relations Ordinance, set forth in Count IV of plaintiff's Complaint, be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

C.    PLAINTIFF BIELATA'S CLAIMS UNDER THE FAMILY MEDICAL
      LEAVE ACT, SET FORTH IN COUNT V OF THE COMPLAINT,
      SHOULD BE DISMISSED BECAUSE THE ACT IS INAPPLICABLE
      TO THE DEFENDANTS.


The FMLA makes it unlawful for a covered employer to terminate or otherwise discipline an eligible employee for taking time off work for, among other things, the employee's own serious health condition. 29 U.S.C.A. § 2615(a)(1). The protection afforded by the FMLA, however, only applies to private employers who employ fifty (50) or more employees. 29 U.S.C.A. § 2611(4)(A)(i). The courts are without jurisdiction to hear FMLA complaints against employers that fail to meet this statutory prerequisite. See Douglas v. E.G. Baldwin & Assoc., Inc., 150 F.2d 604 (6th Cir. 2004).

In the present case, plaintiff Bielata has asserted claims against defendants Crime Victim Center and Porowski under the FMLA. Defendant Crime Victim Center currently employs twenty-nine (29) full and part-time employees and previously employed thirty (30) full and part-time employees during the period in question, from May of 2002 through June of 2002. (See Affidavit of Susanne Porowski). In addition, defendant Porowski has never personally employed any individuals. (See Affidavit of Susanne Porowski).

In an effort to circumvent this statutory prerequisite, plaintiff Bielata alleges that defendant Crime Victim Center "regarded itself as being bound by the FMLA" at all times relevant to this action. (Complaint, ¶ 49). The claim that defendant Crime Victim Center offered plaintiff Bielata leave similar to that prescribed by the FMLA, however, does not serve to bring defendant Crime Victim Center within the ambit of the FMLA.

A nearly identical situation was examined by the Court of Appeals for the Sixth Circuit in Douglas v. E.G. Baldwin & Assoc., Inc., 150 F.3d 604 (6th Cir. 2004). In Douglas, the plaintiff initiated an action against her employer asserting that she was not offered an equivalent position upon her return from maternity leave, in violation of the FMLA. Douglas, 150 F.3d at 605. The facts revealed the employer had adopted the provisions of the FMLA by adding a policy similar to that set forth in the federal statute to its employee handbook. Douglas, 150 F.3d at 605. The employer had also developed forms to be completed upon the exercise of any medical leave, each of which referenced the FMLA. Douglas, 150 F.3d at 605.

The District Court determined that even though the defendant employer did not technically come within the "statutory ambit of the [FMLA]," the employer nonetheless voluntarily agreed to abide by the terms of the Act in its employment contract with the plaintiff. Douglas, 150 F.3d at 606. On appeal, the Circuit rejected the District Court's reasoning in this regard. Douglas, 150 F.3d at 606. The court stated that the proper issue was whether a federal court has subject matter jurisdiction where a company does not meet the statutory definition of "employer" under the FMLA because it does not employ the requisite number of employees *even though the employer has adopted the policies of the Act*. Douglas, 150 F.3d at 607 (emphasis added). The court noted that other federal courts have consistently held that where a company does not employ the requisite number of employees to be considered an "employer" under the relevant statute, federal subject matter jurisdiction ***does not exist***. Douglas, 150 F.3d at 607, *citing* Armbruster v. Quinn, 711 F.2d 1332 (6th Cir. 1981) (Title VII); Rogers v. Sugar Tree Products, Inc., 7 F.3d 577 (7th Cir. 1993) (ADEA); Womble v. Bhangu, 864 F.2d 1212 (5th Cir. 1989) (Title VII); Childs, 719 F.2d 1379 (9th Cir. 1983) (FMLA); Astarita v. Urgo Butts & Co.,

1997 WL 317028 (S.D.N.Y. 1997) (Title VII); <u>EEOC v. Sen-Pop, Inc.</u>, 1994 WL 162611 (N.D. Ill. 1994) (Title VII).

The Circuit Court concluded that the fact that the terms and conditions of the FMLA were incorporated into the parties' employment agreement did not serve to bring the employer within the Act itself. <u>Douglas</u>, 150 F.3d at 608. In so doing, the court stated:

> For a federal court to exercise subject matter jurisdiction in a statutory scheme such as the FMLA, the defendant-company must meet the statutory definition of "employer." **If the Court were to exercise jurisdiction where the employer does not meet the statutory perquisite, it would effectively be expanding the scope of the Act, and the scope of our limited jurisdiction as defined by Congress, by judicial decree. This we do not have the power to do.** *Sublato fundamento cadet opus* (the foundation being removed, the superstructure falls): once the District Court determined that the asserted foundation for jurisdiction, here the FMLA, did not apply because Defendant only employed 29 employees, **it should have dismissed the case in its entirety.**

<u>Douglas</u>, 150 F.3d at 608 (emphasis added).

The <u>Douglas</u> case is nearly identical to the present case. Defendant Crime Victim Center is not an "employer" within the meaning of the FMLA since it only employed thirty (30) full and part-time employees at the time of plaintiff's employment and currently employs only twenty-nine full and part-time employees. (*See* Affidavit of Susanne Porowski). Likewise, defendant Porowski is not an "employer" for FMLA purposes since she has never personally employed any individual. (See Affidavit of Susanne Porowski). The fact that the Crime Victim Center may have cited to the FMLA in establishing its own policy for medical leave does not serve to bring the Crime Victim Center within the ambit of the Act itself.

Accordingly, defendants Crime Victim Center and Porowski respectfully request that plaintiff Bielata's claims under the Family Medical Leave act, set forth in Count V of the

Complaint, be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

>    D.    PLAINTIFF BIELATA'S CLAIM FOR PROMISSORY ESTOPPEL, SET FORTH IN COUNT VI OF THE COMPLAINT, MUST BE DISMISSED BECAUSE BIELATA HAS FAILED TO STATE A PROMISSORY ESTOPPEL CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In Count VI of the Complaint, plaintiff Bielata asserts that the defendants should be "equitably estopped"[1] from avoiding liability under the FMLA.  Specifically, Bielata alleges::

>    63.    Defendants warranted, represented and promised to plaintiff that, as an employee of Crime Victim Center of Erie County, Inc., he was entitled to benefits as provided by the FMLA.
>
>    64.    Plaintiff relied on that warranty, representation and/or promise to his detriment, in that he pursued and exercised, and/or attempted to pursue and exercise, the rights provided by the FMLA, and his employment was terminated as a result, which effectively denied him those rights, including the right to leave and the right to be free from retaliation for exercising the right to leave.

(Complaint, ¶¶ 63-64).  For the reasons set forth below, plaintiff Bielata's claim for promissory estoppel must be dismissed.

>    1.    Promissory Estoppel, Generally

Promissory estoppel arises when one party has made a misleading misrepresentation to another party, and the second party has reasonably relied to his detriment on that representation.

---

[1]    Since plaintiff Bielata's claims for promissory and equitable estoppel are indistinguishable, the defendants will address Bielata's claim as a single claim for promissory estoppel given that equitable estoppel is not recognized as an independent cause of action under Pennsylvania law.  Paul v. Lankenau Hospital, 375 Pa. Super. 1, 9, 543 A.2d 1148, 1152 (1988), *reversed on other grounds*, 524 Pa. 90, 569 A.2d 346 (1990).

Kosakow v. New Rochelle Radiology Assoc., P.C., 274 F.3d 706 (2d Cir. 2001), *citing* Heckler

v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 59, 104 S. Ct. 2218, 2223

(1984).

In rare cases, courts have permitted a plaintiff to assert promissory estoppel with respect

to an employee's FMLA rights.  Courts permitting the doctrine of promissory estoppel to be

utilized in an FMLA case have done so, however, in a limited context and only in cases where an

employer was clearly subject to the Act itself.  *See* Sorrell v. Rinker Materials Corp., 395 F.3d

332 (6th Cir. 2005); Duty v. Norton-Alcoa Proppants, 293 F.3d 481 (8th Cir. 2002) (employer

equitably estopped from asserting an affirmative defense that employees' leave was confined to

twelve weeks proscribed by the Act where employer explicitly guaranteed longer leave);

Kosakow v. New Rochelle Radiology Assoc., P.C., 274 F.3d 706 (2d Cir. 2001) (district court

could conclude on remand that employer is estopped from challenging employee's eligibility for

leave where the employer allegedly failed to inform its employees of the protections of the Act

and what was required of its employees in order that they qualify for those protections);

Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579 (7th Cir. 2000) (an employer who by his

silence mislead an employee concerning the employee's entitlement to family leave might be, if

the employee reasonably relied and was harmed as a result, estopped from pleading employee

ineligibility to the claim of entitlement).

2.    Plaintiff Bielata Has Failed To Set Forth A Claim of Promissory Estoppel

In the present case, plaintiff Bielata has failed to plead the elements necessary to sustain a

claim of promissory estoppel.  Specifically, plaintiff Bielata has not pled any facts demonstrating

that he relied upon a misrepresentation made by the defendants to his detriment. Rather, Bielata alleges that he was off from work from Friday, May 30, 2003 through Wednesday, June 4th, 2005, due to a swollen knee. (Complaint, ¶ 54). Bielata advised the defendants that the earliest he would be able to return to work was June 5th, 2003. (Complaint, ¶ 56). Bielata did, in fact, return to work on June 5th, 2003. (Complaint, ¶ 58). These factual allegations do not demonstrate how plaintiff Bielata relied upon any statements made by the defendants to his detriment. Accordingly, plaintiff Bielata has failed to set forth the elements necessary to maintain an action for promissory estoppel.

3.    Promissory Estoppel is Inapplicable to Plaintiff's FMLA Claims

As stated, courts have permitted a plaintiff to assert the doctrine of promissory estoppel in FMLA cases in very limited circumstances. See Sorrell v. Rinker Materials Corp., 395 F.3d 332 (6th Cir. 2005); Duty v. Norton-Alcoa Proppants, 293 F.3d 481 (8th Cir. 2002); Kosakow v. New Rochelle Radiology Assoc., P.C., 274 F.3d 706, 722-727 (2d Cir. 2001); Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579 (7th Cir. 2000). Each of these cases, however, involved an employee's entitlement to leave *from an employer clearly covered by the Act*. The present case is distinguishable in that defendants Crime Victim Center and Porowski do not employ the minimum number of employees necessary to fall within the ambit of the FMLA. The fact that neither defendant employs the number of employees required by the FMLA precludes this court from exercising jurisdiction over such claims. See Douglas v. E.G. Baldwin & Assoc., Inc., 150 F.3d 604 (6th Cir. 2004). To permit plaintiff Bielata to indirectly access the protections and

remedies of the FMLA through the doctrine of promissory estoppel would completely circumvent the jurisdictional prerequisites imposed by the Act and the intent of the legislature.

Accordingly, defendants Crime Victim Center and Porowski respectfully request that plaintiff Bielata's claim for promissory and/or equitable estoppel, set forth in Count VI of the Complaint, be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

E.     PLAINTIFF BIELATA'S CLAIMS AGAINST SUSANNE POROWSKI UNDER ADEA, ADA AND ECHRO, SET FORTH IN COUNTS I, II AND IV OF THE COMPLAINT, MUST BE DISMISSED BECAUSE ADEA, ADA AND ECHRO DO NOT RECOGNIZE PRIVATE ACTIONS AGAINST INDIVIDUALS.

Plaintiff Bielata has named Susanne Porowski, the Executive Director of the Crime Victim Center of Erie County, Inc., as a defendant in this action and has further demanded that she be held jointly and severally liable with the Crime Victim Center for alleged violations of ADEA, ADA, and ECHRO.

Individual liability is not permitted under the ADA or ADEA.  Verdecchia v. Douglas A. Prozan, Inc., 274 F. Supp.2d 712, 723 (W.D. Pa. 2003); *see also* U.S. EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276 (7th Cir. 1995) (no individual liability under the ADA); Miller v. Maxwell's Indemnity Inc., 991 F.2d 583 (9th Cir. 1993), *certiorari denied*, 511 U.S. 1048, 114 S. Ct. 1585 (1994) (no individual liability under ADEA or Title VII).  While the Court of Appeals for the Third Circuit has not addressed this specific question, it has ruled that individuals cannot be sued under Title VII.  Sheridan v. E.I. DuPont de Nemours & Co., 100

F.3d 1061, 1078 (3d Cir. 1996), *certiorari denied*, 521 U.S. 1129, 117 S. Ct. 2532 (1997). The ADA and ADEA define eligible defendants identically to Title VII and are interpreted consistently with Title VII. Verdecchia, 274 F. Supp.2d at 723 (citations omitted).

Most courts which have held that individual liability cannot be imposed upon individuals under the federal discrimination statutes have ruled that it was not Congress' intent to establish a cause of action for employment discrimination against supervisors or co-employees and have based their decisions on the nature of the damages available under the statutes and the fact that the focus is on the employer as the tool for eradicating discrimination in the workplace. Violanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251, 1256 (M.D. Pa. 1994). For example, in Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077 (3d Cir. 1996), *certiorari denied*, 521 U.S. 1129, 117 S. Ct. 2532 (1997), the Court of Appeals for the Third Circuit found it significant that when Congress amended Title VII in 1991 to provide a sliding scale of damages based upon the number of employees employed, it made no reference to the amount of damages, if any, that would be payable by individuals. The court stated that, "this strongly suggests that Congress did not contemplate that such damages would be assessed against individuals who themselves are not the employing entity." Sheridan, 100 F.3d at 1077. The Circuit Court further stated:

> Moreover, we note that Congress had previously expressed its concern about the impact of Title VII litigation on small business when it excluded businesses with fewer than fifteen employees from the definition of an "employer." **It is reasonable to infer that Congress' concern in that regard applies as well to individuals**.

Sheridan, 100 F.3d at 1077-1078 (emphasis added). *See also* Violanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251 (M.D. Pa. 1994) (stating if Congress decided to protect small entities

with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees).

With respect to the ECHRO, as set forth above, the ordinance does not provide for a private cause of action against employers <u>or</u> individuals.  *See* ECHRO, Article VI.  Even assuming *arguendo* that the ECHRO authorizes a private cause of action, the ordinance would presumably be interpreted in accordance with its federal counterparts.

Based upon the foregoing, it is clear that plaintiff Bielata cannot maintain his claims against defendant Porowski in her individual capacity for purported violations of the ADA, ADEA or ECHRO.  Accordingly, defendant Susanne Porowski respectfully requests that plaintiff Bielata's claims against her under the ADA, ADEA and ECHRO be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Respectfully submitted,


/s/ Lisa Smith Presta
Lisa Smith Presta
PA ID No. 65527
Marissa A. Savastana
PA ID No. 91201
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7650
FAX (814) 454-4647
lpresta@mijb.com
msavastana@mijb.com

Attorneys for Defendants,
Crime Victim Center of Erie County, Inc. and
Susanne Porowski

905190

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Brief in Support of Motion to Dismiss and/or Partially Dismiss Counts I, II, IV, V and VI of Complaint was served upon the following counsel for plaintiff Raymond P. Bielata, via First-Class United States Mail, this 7th day of October, 2005:

Jeffrey J. Cole, Esq.
717 State Street, Suite 701
Erie, PA  16501


/s/ Lisa Smith Presta
Lisa Smith Presta