IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND P. BIELATA,<br>    Plaintiff<br> vs.<br><br>CRIME VICTIM CENTER OF<br>ERIE COUNTY, INC., and<br>SUSANNE POROWSKI,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05 - 183 Erie<br><br><br>Jury Trial of 12 Demanded |

**AMENDMENT TO COUNT VI of COMPLAINT (Promissory Estoppel)**

Following the November 22, 2005 oral argument on Defendants' Motion to Dismiss, the Court granted Plaintiff leave to re-plead his Count VI for promissory estoppel within ten days. Therefore, Raymond P. Bielata, Plaintiff, by and through his counsel, McClure & Miller LLP, states the following paragraphs in addition to paragraphs 1 through 65, as set forth in the original complaint, as his claim for promissory estoppel against Defendant Crime Victim Center of Erie County, Inc. ("CVC"):

66. Plaintiff asserts the following as his claim for promissory estoppel against Defendant Crime Victim Center of Erie County, Inc., in that the elements of promissory estoppel are satisfied, to-wit: that Defendant CVC made a promise, or intentional or negligent representation, that it should reasonably have expected would induce action or forbearance on the part of Plaintiff; Bielata actually took action or refrained from taking action in reliance on the promise; and injustice can be avoided only by enforcing the promise. See, Thatcher's Drug Store of West Goshen, Inc. v. Consolidated Supermarkets, Inc., 535 Pa. 469, 476, 636 A.2d 156, 160 (1994). See also, Thomas v. E.B. Jermyn Lodge No. 2, 693 A.3d 974, 977 (Pa.Super. 1997).

RECEIVED

DEC - 2 2005

CLERK U.S. DIST
WEST. DIST. OF PL

67. Specifically, Defendant CVC, by posting in Plaintiff's workplace Family Medical Leave Act notices of rights, adopting, using and requiring employees to use FMLA-titled forms, and otherwise as shown during discovery, promised and/or represented, intentionally or negligently, to Plaintiff and other employees, that Plaintiff and other employees were entitled to the rights, privileges and protections of the Family Medical Leave Act.

68. Defendant CVC's promise or representation, as described above, was one that Defendant CVC should reasonably have expected Plaintiff to rely on by inducing action or forbearance on the part of Plaintiff, in that, for all appearances as a result of Defendant CVC's reference to the FMLA, Plaintiff reasonably believed he was covered by the FMLA such that he was entitled to all of that Act's rights, privileges and protections.

69. Plaintiff did actually take action in reliance on Defendant CVC's promise or representations, by availing himself of the apparent right to medical leave with the expectation that his taking of leave would not result in retaliatory negative job action by Defendant CVC up to and including termination of his employment.

70. In that Plaintiff's employment was terminated by Defendant CVC shortly after he took a short period of medical leave, and in that Defendant, by and through its agents including Susanne Porowski, expressed extreme displeasure with Plaintiff for having taken leave and insisted on his return, it appears that the termination of Plaintiff's employment was in some way, in whole or in part, the result of his having taken leave, and as such, his reliance on his apparent right to leave without resulting retaliation was detrimental.

71. To the extent that the termination of Plaintiff's employment was the result of his having taken leave, injustice can be avoided only by enforcing the promise or representation that Plaintiff was entitled to leave without losing his job as a result, and reinstating Plaintiff or compensating him for his lost income and benefits as a result of his retaliatory discharge, as those were damages that he incurred in the course of his reliance. See, Travers v. Cameron County School District, 117 Pa. Cmwlth. 606, 544 A.2d 547 (1988).

WHEREFORE, Plaintiff demands judgment against Defendant Crime Victim Center for all such damages he incurred in reliance on Defendant's promise or representation that he could take leave without losing his job as a result, as provided by the Family Medical Leave Act.

Respectfully submitted,

McCLURE & MILLER LLP

By: _____
Jeffrey J. Cole
Pa. Supreme Ct. No. 73052
717 State Street, Suite 701
Erie, PA 16501
(814) 453-3681
*Counsel for Plaintiff, Raymond P. Bielata*

Dated: December 2, 2005

### Certificate of Service

I certify that I served a copy of the foregoing pleading on the defendants, Crime Victim Center of Erie County, Inc. and Susanne Porowski, by hand-delivery to their counsel of record, Lisa Smith Presta, on December 2nd, 2005.

_____
Jeffrey J. Cole