IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND P. BIELATA,<br>    Plaintiff | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 05-183<br>) |
| CRIME VICTIM CENTER OF ERIE<br>COUNTY, INC. and SUSANNE<br>POROWSKI,<br>    Defendants | )<br>)<br>)<br>)<br>) ELECTRONICALLY FILED |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants CRIME VICTIM CENTER OF ERIE COUNTY, INC. (hereinafter "Crime Victim Center") and SUSANNE POROWSKI (hereinafter "Porowski"), by and through their attorneys, MacDonald Illig Jones & Britton LLP, file the following Answer and Affirmative Defenses to Plaintiff's Complaint:

**Parties**

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

## Jurisdiction and Venue

4. The allegations set forth in Paragraph 4 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 4 is denied.

5. The allegations set forth in Paragraph 5, including subparagraphs (a) through (c), constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 5, including subparagraphs (a) through (c), is denied.

6. The allegations set forth in Paragraph 6 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 6 is denied.

## Count 1
## Raymond P. Bielata v. Crime Victim Center of Erie County, Inc.
## Violation of Age Discrimination in Employment Act

7. Defendant Crime Victim Center incorporates Paragraphs 1 through 6 above as though set forth at length herein.

8. Paragraph 8 is admitted in part and denied in part. It is admitted that plaintiff Raymond P. Bielata (hereinafter "Bielata") was initially assigned to work at the Crime Victim Center as a temporary employee in June of 1999. It is further admitted that on October 19, 1999, plaintiff Bielata was hired to work as a full-time employee, and that Bielata was discharged from employment on June 17, 2003. It is also admitted that at the time Bielata began work at the Center, the Crime Victim Center was known as the Erie County Rape Crisis Center, Inc. The remaining allegations of Paragraph 8 are denied.

9. The allegations set forth in Paragraph 9 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 9 is denied.

10. The allegations set forth in Paragraph 10 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 10 is denied.

11. Paragraph 11 is admitted in part and denied in part. Based upon representations made by plaintiff Bielata, it is believed that Bielata's date of birth was June 4, 1941. The remaining allegations of Paragraph 11 constitute conclusions of law to which no response is necessary. To the extent a response is required, the remaining allegations of Paragraph 11 are denied.

12. Paragraph 12 is admitted in part and denied in part. Based upon representations made by plaintiff Bielata, it is believed that Bielata's date of birth was June 4, 1941, and that he therefore would have been sixty-two years of age at the time he was discharged. The remaining allegations of Paragraph 12 are denied as stated.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied in that after reasonable investigation, defendant Crime Victim Center is without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

19. Paragraph 19 is denied.

20. Paragraph 20 is admitted in part and denied in part. It is admitted that a meeting took place at which the cost of healthcare benefits for the personnel of the Crime Victim Center was discussed. The remaining allegations of Paragraph 20 are denied in that after reasonable investigation, defendant Crime Victim Center is without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is admitted in part and denied in part. It is admitted that on one occasion, in response to a comment by plaintiff Bielata that he eats two to three grapefruit per day, defendant Porowski stated that she eats two to three donuts per day and that Mr. Bielata was "going to outlive us all." The remaining allegations of Paragraph 23 are denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied. In further response, by Court Order issued November 22, 2005, plaintiff Bielata's claims against individual defendant Susanne Porowski under the ADEA were dismissed.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied. In further response, by Court Order issued November 22, 2005, plaintiff Bielata's claim for punitive damages under the ADEA was dismissed.

29. Paragraph 28 is denied. In further response, by Court Order issued November 22, 2005, plaintiff Bielata's claims for emotional distress and/or emotional distress damages under the ADEA were dismissed.

4

WHEREFORE, defendant Crime Victim Center of Erie County, Inc. demands that judgment be entered in its favor and against plaintiff Raymond P. Bielata with respect to all claims set forth in Count I of the Complaint, together with an award of reasonable attorney's fees, expenses and costs of suit.

### Count 2
### Raymond P. Bielata v. Crime Victim Center of Erie County, Inc.
### Violation of Americans with Disabilities Act

30. Defendant Crime Victim Center incorporates Paragraphs 1 through 29 above as though set forth at length herein.

31. Paragraph 31 is admitted in part and denied in part. It is admitted that plaintiff Bielata notified Angela B. Porfilio, Director of Development, that he had a problem with his knee and needed to be off work. The remaining allegations of Paragraph 31 are denied.

32. Paragraph 32 is admitted in part and denied in part. It is admitted that after notifying Angela B. Porfilio, Director of Development, that he had a problem with his knee, plaintiff Bielata was off work for approximately one week. The remaining allegations of Paragraph 32 are denied in that after reasonable investigation, defendant Crime Victim Center is without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

33. Paragraph 33 is denied in that after reasonable investigation, defendant Crime Victim Center is without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

34. Paragraph 34 is denied. It is denied that at the time of his employment and discharge, plaintiff Bielata's alleged impairment substantially limited the major life activities of walking, lifting, stooping and standing. The remaining allegations of Paragraph 34 are denied in that after reasonable investigation, defendant Crime Victim Center is without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

35. Paragraph 35 is admitted in part and denied in part. It is admitted that plaintiff Bielata's knee condition did not affect his ability to perform his job duties, with or without reasonable accommodation. It is denied that plaintiff Bielata adequately performed his job duties.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. The allegations set forth in Paragraph 38 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 38 is denied.

39. Paragraph 39 is denied. In further response, by Court Order issued November 22, 2005, plaintiff Bielata's claims against individual defendant Susanne Porowski under the ADA were dismissed.

40. Paragraph 40 is denied in that after reasonable investigation, defendant Crime Victim Center is without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant Crime Victim Center of Erie County, Inc. demands that judgment be entered in its favor and against plaintiff Raymond P. Bielata with respect to all

claims set forth in Count 2 of the Complaint, together with an award of reasonable attorney's fees, expenses and costs of suit.

### Count 3
### Raymond P. Bielata v. Crime Victim Center of Erie County, Inc.
### and Susanne Porowski
### Violation of Pennsylvania Human Relations Act

41. Defendants Crime Victim Center and Porowski incorporate Paragraphs 1 through 40 above as though set forth at length herein.

42. The allegations set forth in Paragraph 42 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 42 is denied.

43. Paragraph 43 is denied.

WHEREFORE, defendants Crime Victim Center of Erie County, Inc. and Susanne Porowski demand that judgment be entered in their favor and against plaintiff Raymond P. Bielata with respect to all claims set forth in Count 3 of the Complaint, together with an award of reasonable attorney's fees, expenses and costs of suit.

### Count 4
### Raymond P. Bielata v. Crime Victim Center of Erie County, Inc.
### and Susanne Porowski
### Violation of Erie County Human Relations Ordinance

44. Defendants Crime Victim Center and Porowski incorporate Paragraphs 1 through 43 above as though set forth at length herein.

45. The allegations set forth in Paragraph 45 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 45 is denied.

46. Paragraph 46 is denied.

WHEREFORE, defendants Crime Victim Center of Erie County, Inc. and Susanne Porowski demand that judgment be entered in their favor and against plaintiff Raymond P. Bielata with respect to all claims set forth in Count 4 of the Complaint, together with an award of reasonable attorney's fees, expenses and costs of suit.

**Count 5**
**Raymond P. Bielata v. Crime Victim Center of Erie County Inc.**
**and Susanne Porowski**
**Violation of Family Medical and Leave Act**

47. Defendants Crime Victim Center and Porowski incorporate Paragraphs 1 through 46 above as though set forth at length herein.

48. thru 62. By Court Order issued November 22, 2005, plaintiff Bielata's claims against defendants Crime Victim Center and Porowski under the FMLA were dismissed. To the extent further response is required, Paragraphs 48, 49, 57, 60, 61 and 62 are denied. In addition, Paragraphs 50 through 56, 58 and 59 are denied in that after reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

WHEREFORE, defendants Crime Victim Center of Erie County, Inc. and Susanne Porowski demand that judgment be entered in their favor and against plaintiff Raymond P. Bielata with respect to all claims set forth in Count 5 of the Complaint, together with an award of reasonable attorney's fees, expenses and costs of suit.

### Count 6
### Raymond P. Bielata v. Crime Victim Center of Erie County, Inc. and Susanne Porowski
### Promissory Estoppel Claim

63. Paragraph 63 is denied. In further response, by Court Order issued November 22, 2005, plaintiff Bielata's claims against defendants Crime Victim Center and Porowski under the FMLA were dismissed.

64. Paragraph 64 is denied. In further response, by Court Order issued November 22, 2005, plaintiff Bielata's claims against defendants Crime Victim Center and Porowski under the FMLA were dismissed.

65. The allegations set forth in Paragraph 65 constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 65 is denied. In further response, by Court Order issued November 22, 2005, plaintiff Bielata's claims against defendants Crime Victim Center and Porowski under the FMLA were dismissed.

66. The allegations set forth in Paragraph 66 of the Amendment to Count VI of Complaint (Promissory Estoppel) constitute conclusions of law to which no response is necessary. To the extent a response is required, Paragraph 66 is denied.

67. Paragraph 67 of the Amendment to Count VI of Complaint (Promissory Estoppel) is denied.

68. Paragraph 68 of the Amendment to Count VI of Complaint (Promissory Estoppel) is denied.

69. Paragraph 69 of the Amendment to Count VI of Complaint (Promissory Estoppel) is denied in that after reasonable investigation, defendants are without sufficient knowledge or information to form a belief as to the truth of the averments, and strict proof thereof is demanded at the time of trial.

70. Paragraph 70 of the Amendment to Count VI of Complaint (Promissory Estoppel) is denied.

71. Paragraph 71 of the Amendment to Count VI of Complaint (Promissory Estoppel) is denied.

WHEREFORE, defendants Crime Victim Center of Erie County, Inc. and Susanne Porowski demand that judgment be entered in their favor and against plaintiff Raymond P. Bielata with respect to all claims set forth in Count 6 of the Complaint and in the Amendment to Count VI of Complaint (Promissory Estoppel), together with an award of reasonable attorney's fees, expenses and costs of suit.

### First Affirmative Defense

72. Plaintiff Bielata has failed to state any claim upon which relief can be granted.

**Second Affirmative Defense**

73.     Plaintiff Bielata has failed to timely invoke and/or sufficiently exhaust all required administrative procedures and/or remedies with respect to the claims set forth against defendants Crime Victim Center and Porowski.

**Third Affirmative Defense**

74.     Some or all of the claims set forth against defendants Crime Victim Center and Porowski are barred by the applicable statute of limitations.

**Fourth Affirmative Defense**

75.     Plaintiff has failed to mitigate his alleged damages in accordance with the law, which failure bars and/or substantially diminishes any claims for damages.

WHEREFORE, defendants Crime Victim Center of Erie County, Inc. and Susanne Porowski demand that judgment be entered in their favor and against plaintiff Raymond P. Bielata with respect to all claims set forth in Count 6 of the Complaint and in the Amendment to Count VI of Complaint (Promissory Estoppel), together with an award of reasonable attorney's fees, expenses and costs of suit.

A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

/s/ Lisa Smith Presta
Lisa Smith Presta
PA Bar ID No. 66527
Marissa A. Savastana
PA Bar ID No. 91201
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7656
FAX (814) 454-4647
lpresta@mijb.com

Attorneys for Defendants,
Crime Victim Center of Erie County, Inc. and Susanne Porowski

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND P. BIELATA,<br>    Plaintiff | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 05-183<br>) |
| CRIME VICTIM CENTER OF ERIE<br>COUNTY, INC. and SUSANNE<br>POROWSKI,<br>    Defendants | )<br>)<br>)<br>) ELECTRONICALLY FILED |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint was served upon the following party of record and/or counsel via First-Class United States Mail this 9th day of January, 2006:

> Jeffrey J. Cole, Esq.
> McClure & Miller, LLP
> 717 State Street, Suite 701
> Erie, PA 16501

> /s/ Lisa Smith Presta
> Lisa Smith Presta