1

1   IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2

3   RAYMOND P. BIELATA,
          Plaintiff
4
              CIVIL ACTION NO. 05-183 ERIE
5
    CRIME VICTIM CENTER OF
6   ERIE COUNTY, INC. and
    SUSANNE POROWSKI,
7         Defendants

8

9          SETTLEMENT

10

11
          Proceedings held before the HONORABLE
12
          SEAN J. McLAUGHLIN, U.S. District Judge,
13
          in Judge's Chambers, U.S. Courthouse, Erie,
14
          Pennsylvania, on Thursday, June 1, 2006.
15

16

17

18  APPEARANCES:
          JEFFREY J. COLE, Esquire, appearing on behalf of
19         the Plaintiff.

20          LISA SMITH PRESTA, Esquire, appearing on behalf
                of the Defendants.

21

22

23

24
                              - - -
25



                                  2


1              P R O C E E D I N G S

2       (Whereupon, the on the record proceedings began at
   1:26 p.m., on Thursday, June 1, 2006, in Judge's Chambers.)
3
            THE COURT:  The parties have advised me that they
4  have reached a settlement in this case, conditioned only upon
   formal approval by the Board of the defendant.  And it's my
5  understanding that the Board is going to be convened for the
   purpose of acting on this settlement in the immediate future.
6          My understanding is that in return for the payment
   of $55,000, the plaintiff agrees to release and forever
7  discharge the defendant from all claims arising out of this
   particular action.  Is that acceptable to you, Mr. Bielata?
8          MR. BIELATA:  Yes, your Honor.
            THE COURT:  Is that your understanding as well?
9          MR. COLE:  Yes, it is, your Honor.
            THE COURT:  On behalf of the defendant, you're
10  willing to pay the sum of $55,000, is that right?
           MS. PRESTA:  We are, your Honor, with the inclusion
11  of the confidentiality agreement that I discussed with Mr.
   Cole.
12          MR. COLE:  And the standard confidentiality
   agreement is that you cannot disclose, well, the fact the
13  settlement may come up in conversation with his associates,
   what happened to the litigation you were involved in?  He can

14   say it was resolved to the satisfaction of the parties?
        MS. PRESTA:  Yes.
15       MR. COLE:  He cannot disclose the amount of the
settlement except to financial and tax advisors and, of course,
16   your legal advisor, if you have issues about that, you can talk
to me about it.  But others you cannot; is that acceptable to
17   you?
        MR. BIELATA:  That is acceptable to me.
18       THE COURT:  All right, the only other thing I would
say is since the settlement here involves a public entity, if
19   you will, that what you agree to among yourselves, you can
agree among yourselves in terms of confidentiality, but this
20   record, as far as I'm concerned is a public record, as far as
the terms and conditions of the settlement.  If anyone, other
21   than Mr. Bielata, be it an individual from the press or anybody
else that would want to see or look at it, they'd have a
22   perfect right to do so.
        MS. PRESTA:  Just so, your Honor, that's not in any
23   way connected to either Mr. Bielata or Mr. Cole.
        MR. COLE:  We wouldn't comment in the news media,
24   other than to say, if we were asked, I doubt we would be, the
matter has been resolved to the satisfaction of the parties.
25       THE COURT:  What I'm going to do is just in

3

1   anticipation of what has been represented to me to be Board
approval, I'm going to administratively close out my case.  In
2   the most unlikely event that something were going to happen
there such that it wasn't approved, I'd simply reopen the
3   action and away we go.  But I certainly don't anticipate that
happening.  As far as I'm concerned, the case is resolved.
4
        (Whereupon, at 1:30 p.m., the Settlement proceedings
5   were concluded.)

6           - - -

7

8              C E R T I F I C A T E

9

   I, Ronald J. Bench, certify that the foregoing is a
10  correct transcript from the record of proceedings in the
above-entitled matter.
11

12

13  _____
Ronald J. Bench
14

15

16

17

18

19

20

21

22

23

24

25